MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
JOSE LUIS AURELIO PINZON and ADAN
VIDAL LOPEZ RAMIREZ *individually and
on behalf of others similarly situated,*

                              *Plaintiff*,

                 -against-

168 8TH AVENUE FOOD CORP.  (D/B/A
SQUARE DELI) and ADAM SALEH ,

                            *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Jose Luis Aurelio Pinzon and Adan Vidal Lopez Ramirez, individually and on behalf of other similarly situated (collectively "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 168 8th Avenue Food Corp. (d/b/a Square Deli), ("Defendant Corporation") and Adam Saleh, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1. Plaintiffs are former employees of Defendants 168 8th Avenue Food Corp. (d/b/a Square Deli) and Adam Saleh.

2. Defendants own, operate, or control a deli, located at 168 8th Avenue, New York, NY 10011 under the name "Square Deli".

- 2 -

3. Upon information and belief, individual Defendant Adam Saleh, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4. Plaintiffs were employed as a cook and a stock worker at the deli located at 168 8th Avenue, New York, NY 10011.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for all hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiffs were employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13. Plaintiff Jose Luis Aurelio Pinzon ("Plaintiff Aurelio" or "Mr. Aurelio") is an adult individual residing in New York County, New York.

14. Plaintiff Aurelio was employed by Defendants at "Square Deli" from approximately September 10, 2018 until on or about November 8, 2019.

15. Plaintiff Adan Vidal Lopez Ramirez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens County, New York.

16. Plaintiff Lopez was employed by Defendants at "Square Deli" from approximately October 1, 2018 until on or about May 1, 2020.

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a deli, located at 168 8th Avenue, New York, NY 10011 under the name "Square Deli".

18. Upon information and belief, 168 8th Avenue Food Corp. (d/b/a Square Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 168 8th Avenue, New York, NY 10011.

19. Defendant Adam Saleh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adam Saleh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Adam Saleh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a deli located in the Chelsea section of Manhattan in New York City.

21. Individual Defendant, Adam Saleh, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Adam Saleh operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the subject deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

30. Plaintiffs are former employees of Defendants who were employed as, respectively, a cook and a stock worker.

31. Plaintiffs seek to represent a class of similarly situated individuals pursuant to 29 U.S.C. 216(b).

*Plaintiff Jose Luis Aurelio Pinzon*

32. Plaintiff Aurelio was employed by Defendants from approximately September 10, 2018 until on or about November 8, 2019.

33. Defendants employed Plaintiff Aurelio as a cook.

34. Plaintiff Aurelio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Aurelio's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Aurelio regularly worked in excess of 40 hours per week.

37. From approximately September 10, 2018 until on or about November 8, 2019, Plaintiff Aurelio worked from approximately 6:00 a.m. until on or about 4:00 p.m., 5 days a week and from approximately 6:00 a.m. until on or about 2:00 p.m., one day a week (typically 58 hours per week).

38. Throughout his employment, Defendants paid Plaintiff Aurelio his wages in cash.

39. From approximately September 10, 2018 until on or about December 2018, Defendants paid Plaintiff Aurelio $14.00 per hour.

40. From approximately January 2019 until on or about November 8, 2019, Defendants paid Plaintiff Aurelio $15.00 per hour.

41. On one occasion, Defendants required Plaintiff Aurelio to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

42. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aurelio regarding overtime and wages under the FLSA and NYLL.

43. Defendants did not provide Plaintiff Aurelio an accurate statement of wages, as required by NYLL 195(3).

44. Defendants did not give any notice to Plaintiff Aurelio, in English and in Spanish (Plaintiff Aurelio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

45. Defendants required Plaintiff Aurelio to purchase "tools of the trade" with his own funds—including Pants and shoes.

*Plaintiff Adan Vidal Lopez Ramirez*

46. Plaintiff Lopez was employed by Defendants from approximately October 1, 2018 until on or about May 1, 2020

47. Defendants employed Plaintiff Lopez as a stock worker

48. Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

49. Plaintiff Lopez's work duties required neither discretion nor independent judgment.

50. Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

51. From approximately October 1, 2018 until on or about May 1, 2020, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 9:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 5:00 p.m., on Saturdays (typically 60 hours per week).

52. Throughout his employment, Defendants paid Plaintiff Lopez his wages in cash.

53. From approximately October 2018 until on or about March 2019, Defendants paid Plaintiff Lopez a fixed salary of $550 per week.

54. From approximately April 2019 until on or about January 2020, Defendants paid Plaintiff Lopez a fixed salary of $600 per week.

55. From approximately February 2020 until on or about May 2020, Defendants paid Plaintiff Lopez a fixed salary of $700 per week.

56. On one occasion, Defendants required Plaintiff Lopez to sign a document which falsely underrepresented the hours that Plaintiff Lopez worked in order to release his weekly pay.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

58. Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

59. Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including Pants and shoes.

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

62. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

63. Defendants required each Plaintiff to sign a document the contents of which such Plaintiff was not allowed to review in detail.

64. Defendants paid Plaintiffs their wages in cash.

65. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

67. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

69. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71. Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72. At all relevant times, Plaintiffs and other FLSA Class members were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

73. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Aurelio and Plaintiff Lopez (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

78. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS

## OF THE NEW YORK LABOR LAW

81. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if fully set forth herein.

82. Defendants, in violation of NYLL § 650 *et seq* and 12 N.Y.C.R.R. § 146-1.2., failed to pay Plaintiff Lopez the minimum wage required under New York State law for all hours worked.

83. Defendants' failure to pay Plaintiff Lopez minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Lopez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK LABOR LAW

85. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87. Defendants' failure to pay Plaintiff Aurelio and Plaintiff Lopez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Aurelio was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

89. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

92. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(k) Awarding Plaintiff Lopez damages for the amount of unpaid minimum wage compensation, and for any improper deductions or credits taken against wages as applicable;

(l) Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
July 22, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 12, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Jose Luis Aurelio Pinzon

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           _[signature]_

Date / Fecha:               12 de Noviembre 2019

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

---

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

---

July 22, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Adan Vidal Lopez Ramirez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               22 de julio 2020